No. 37.—ALEXANDER H. COOPER, executor of Reuben B. Patterson, deceased, plaintiff in error, *vs.* GEORGE D. BLAKEY, guardian, and trustee, &c. defendant in error.

[1.] When a testator by his will directed one of his slaves to be removed to a State in which the laws would allow of her manumission, and there be manumitted, and also bequeathed the sum of two thousand dollars to said slave, to be invested by a trustee appointed for that purpose, for the benefit of such slave, when manumitted, as directed by his said will : *Held,* that the direction and bequest contained in the will, did not violate the *policy* of the laws of this State, which prohibit *domestic* emancipation of slaves ; but that it is lawful for a testator to direct that his slaves may be taken out of this State into any other State or country where the law authorizes it, and there emancipate them, and provide for their maintainance and support. The case of *Vance vs. Crawford* re-examined and re-affirmed.

In Equity, in Muscogee Superior Court. Decision on demurrer, by Judge IVERSON, May Term, 1851.

Reuben B. Patterson died testate. The second and third clauses of his will read as follows :

" *Item second.* It is my wish and desire, that Sophy, a colored girl, (now three years old since the 9th of June, 1848,) the daughter of my woman Margaret, be not considered as a part or parcel of my estate ; and that my executor deliver the said girl Sophy, to my friend, George D. Blakey, of Rural Choice, Logan County, State of Kentucky, who I hereby nominate and appoint guardian of the said girl Sophy ; and it is my wish and desire that the said George D. Blakey shall take the girl Sophy to his residence in Kentucky, and as soon as she can be manumitted by the laws of said State, to have it done ; but should the laws of Kentucky be adverse to manumission of the said girl Sophy, that he take her to such a State where she may be manumitted and become free. I also wish and desire, that the said George D. Blakey shall superintend the education of said girl Sophy, and that she remain under his care and control until she is sixteen years of age, unless (with his consent) she marries.

*Item third.* I hereby give and bequeath to Sophy, a colored girl, (as named in the second item) the daughter of my woman, Margaret, the sum of two thousad dollars in cash, the same to be on interest from the day of my death ; and I hereby appoint my friend George D. Blakey, heretofore named, as trustee for the said girl Sophy. It is my wish and desire, that the trustee invest the said sum of money in the stocks of some safe State, and the interest of said sum be applied to the education and support of said girl Sophy. I also desire, that should the said girl Sophy marry, that my friend George D. Blakey purchase a homestead (in some State where the laws will permit) for the use of the said Sophy and her heirs, where she may enjoy the benefit of the same in her own right, and such other property as may be necessary for the use and comfort of herself and family. I also desire, that in case the said Sophy should die without issue (except in case of her marriage) then and in that case the said sum of money to go to, and become the property of the said George D. Blakey. It is also my wish and desire, that should my friend George D. Blakey, refuse to act as guardian and trustee of the person and property of the said girl Sophy, that he appoint some known, discreet and proper person, who will carry out my

Cooper *vs.* Blakey.

wishes and desires.   I also desire and wish, that said Sophy be carried free of charge or expense, to the residence of my friend George D. Blakey, in the State of Kentucky."

George D. Blakey, as guardian and trustee for the girl Sophy, filed a bill against Cooper, the executor, praying an account of the legacies included in the second and third items of the will.

The defendant, Cooper, demurred to the bill, on the ground that these clauses in the will were void under the Acts of 1801 and 1818, providing against the manumission of slaves.

The Court overruled the demurrer, and this is the error assigned.

BENNING, for plaintiff in error.

H. HOLT, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The objections urged against the will of the testator in this case, are precisely the same as were urged before this Court, in the case of *Vance vs. Crawford,* in opposition to the will of Marshall Keith.   It was held by this Court in that case, that it is not against the *policy* of the State of Georgia, for the owner of slaves to remove them *out of the State* for manumission, and that he may direct it to be done by will.   In the case of *Jordan vs. The Heirs of Bradley,* (*Dudley's Rep.* 170,) the same decision was made by the Judges in convention.   We have examined the question as decided in both of the cases above referred to, and with increased confidence, re-affirm the judgment of the Court in *Vance against Crawford.*   In that case, as in this, there was a bequest to the slaves by the testator of a portion of his property, which was held to have been a *valid bequest.*   4 *Geo. Rep.* 446.

Let the judgment of the Court below be affirmed.